**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LEONARD STRONG**<br><br>            **Plaintiff,**<br><br>    **v.**<br><br>**CITY OF PHILADELPHIA,** *et al.*<br><br>            **Defendants.** | **CIVIL ACTION NO. 21-4652** |

<u>**MEMORANDUM OPINION**</u>

**Rufe, J.**                                                                                     **May 8, 2024**

Plaintiff Leonard Strong initiated this suit for horrific injuries sustained from an attack by another inmate at the Philadelphia Department of Prisons ("PDP"). The City of Philadelphia, the Detention Center, and Correctional Officers ("COs") Ferguson, Wiercinski (AKA "Ski"), Ringgold,[1] and Scott are named as Defendants, as is inmate Joshua White. Defendants (except for White) move to dismiss Plaintiff's Amended Complaint against the City and the Detention Center[2] and Counts III (assault) and IV (malicious prosecution) against all Defendants. For the reasons stated below, Defendants' Motion will be granted.

I.   **BACKGROUND**

**A. Factual Background**

The facts as alleged in Strong's Amended Complaint are taken as true for the purposes of the Motion to Dismiss. Strong's claims stem from an incident which took place on May 29,

---

[1] Plaintiff's Amended Complaint names Ringgold and Ferguson as two distinct COs. However, Plaintiff has previously claimed that Ringgold was a nickname for Ferguson. *See* Pl.'s Mem. Opp'n Summ. J. [Doc. No. 17] ¶ 2.

[2] Strong voluntarily withdrew his claim against the Detention Center. *See* Pl.'s Resp. [Doc. No. 29] at ECF page 8. Therefore, all claims against the Detention Center will be dismissed.

2018, when another inmate, Joshua White, attacked Strong and bit off his left ear.[3] Prior to this

date, White was known to bite people. [4]

On the morning of May 29, 2018, Strong was in custody at the Detention Center,

awaiting transportation to the Criminal Justice Center by bus along with White.[5] While waiting

to be transported to Court, White said that he wanted to "F" up Strong, leading to a physical

altercation between them.[6] Officers Ferguson and Wiercinski broke up this fight.[7] The City's

prison rules and regulations require all COs to report all fights and incidents between inmates.

None of the COs or supervising COs reported the fight between White and Strong.[8] White again

threatened Strong on the bus back to the prison.

Strong told Officer Ringgold about the fight and asked Officer Ringgold to count him in

dormitory section 101 because White was in section 308.[9] However, at 6:00 pm, Officer Scott

removed Strong from section 101 and forced him to go to section 308.[10] When Strong entered

section 308, White ran over to Strong and tried to "jump punch" him.[11] White proceeded to grab

Strong and bite and tear off his left ear.[12] Officer Scott witnessed the incident, immediately

---

[3] Am. Compl. [Doc. No. 26] at ¶¶ 16, 35.

[4] *Id.* at ¶ 42.

[5] *Id.* at ¶ 17.

[6] *Id.* at ¶¶ 19–20.

[7] *Id.* at ¶ 22.

[8] *Id.* at ¶¶ 22–23.

[9] *Id.* at ¶ 33.

[10] *Id.* at ¶ 34.

[11] *Id.* at ¶ 35.

[12] *Id.*

retrieved Strong's ear from the floor and rushed him off the block.[13] Strong was immediately transported to the infirmary and later Temple Hospital.[14]

Upon returning to the prison, Strong was placed in the "hole" due to the fight.[15] After being in the hole for one week, Strong was placed in "Protective Custody (solitary)" for approximately one month.[16]

## B.  Procedural Background

As this case has an unusual posture, a brief overview of the procedural history and the parties' positions is necessary. Plaintiff, represented by counsel, initiated this suit by Writ of Summons in the Philadelphia Court of Common Pleas on May 11, 2020. He then filed a formal Complaint on September 29, 2021.

Although the Complaint was counseled, it contains several internal inconsistencies. Put simply, some of the claims did not match the allegations set forth in the Complaint.[17] Moreover, certain counts were based on the premise that Defendants themselves used excessive force on Strong's person (including falsely arresting and maliciously prosecuting him).

On October 22, 2021, Defendants removed the case to this Court, as several of Plaintiff's claims sought relief pursuant to 42 U.S.C. § 1983. Defendants did not move to dismiss the case,

---

[13] *Id.* at ¶ 36.

[14] *Id.* at ¶ 40.

[15] *Id.* at ¶ 45.

[16] *Id.* at ¶ 47.

[17] In the original Complaint, Plaintiff described the attack involving White, which led to White biting off his ear, and alleges that the correctional officers failed to prevent it. Plaintiff also claims that White was known to fight and bite other inmates. Plaintiff alleged that after the attack, Defendants falsely represented that he assaulted them and caused him to be arrested and prosecuted on these charges. Several of the counts asserted that Defendants used excessive force on Plaintiff's person (including to falsely arresting and maliciously prosecuting him). *See* Compl. [Doc. No. 1].

but instead answered the Complaint.[18] Following a Rule 16 conference, the parties engaged in fact discovery, which concluded on May 3, 2022.[19]

Defendants then moved for summary judgment.[20] Defendants' motion for summary judgment was granted in part. Due to the counseled Complaint's numerous inconsistencies, Plaintiff was given leave to amend the Complaint under Rule 15(a).[21] On September 1, 2023, Plaintiff filed an Amended Complaint. Plaintiff's Amended Complaint alleges claims against the Defendants for Fourth and Fourteenth Amendment Violations under § 1983 (Count I), Eighth Amendment Violations under § 1983 (Count II), state law assault and battery (Count III), and "State Law and Malicious Prosecution" (Count IV).[22] On September 22, 2023, Defendants City of Philadelphia, the Detention Center, Ferguson, Wiercinski, Ringgold, and Scott moved to partially dismiss the Amended Complaint as follows: (1) dismiss all claims against the Detention Center and the City of Philadelphia; (2) dismiss Counts III (assault and battery) and IV (malicious prosecution) against all moving defendants.

## II.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23] The question is not whether the plaintiff ultimately will prevail but

---

[18] *See* Def.'s Answer [Doc. No. 3].

[19] *See* Order of Jan. 6, 2022 [Doc. No. 12].

[20] Mot. Summ. J. [Doc. No. 14].

[21] Fed. R. Civ. P. 15(a) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires.").

[22] Am. Compl. [Doc. No. 26] at ¶¶ 70-93.

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

whether the complaint is "sufficient to cross the federal court's threshold."[24] In evaluating a challenged complaint, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[25] However, the Court "need not accept as true 'unsupported conclusions and unwarranted inferences'"[26] or "legal conclusions."[27]

## III.  DISCUSSION

### A.  Claims Against the City

Municipalities may be sued under § 1983 for violations of constitutional rights.[28] To hold the City liable, Plaintiff may proceed in one of two ways. First, Plaintiff may allege that "an unconstitutional policy or custom of the municipality led to his or her injuries."[29] Second, Plaintiff may allege that his injuries "were caused by a failure or inadequacy by the municipality that 'reflects a deliberate or conscious choice.'"[30]

Plaintiff alleges that the City maintained policies, practices, and/or customs exhibiting deliberate indifference as it relates to "prisoner's rights to be housed safely and be free from common law assault and battery[.]"[31] However, the Amended Complaint also states that it was the "policy, practice, and/or custom of City Defendants to fail to *follow* prison policies,

---

[24] *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citations omitted).

[25] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (quotation marks omitted).

[26] *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (quoting *City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 n.13 (3d Cir. 1998)).

[27] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996)) (internal quotations omitted).

[28] *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690-92 (1978).

[29] *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) (citations omitted).

[30] *Id.* (quoting *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019)) (citations omitted).

[31] Am. Compl. [Doc. No. 26] at ¶ 52.

procedures, and protocols."[32] The Amended Complaint clearly articulates a policy that the prison officials failed to follow, namely that "correctional officers are to immediately report all fights, issues and/or incidents between prisoners." [33] Strong has failed to allege any policy or custom that led to his injuries, nor has he articulated a deliberate indifference on the part of the City. Instead, Strong alleges facts that demonstrate that the COs failed to follow prison policy, which led to his significant injuries. There is no basis for liability against the City on the constitutional claims.

### B.  Count III (Assault and Battery)

Under Pennsylvania law, "assault is an intentional attempt by force to do an injury to the person of another and a battery is committed whenever the violence menaced in an assault is actually done."[34] Strong does not allege that the COs intentionally injured Strong or attempted to do so. Instead, Strong alleges that the COs were deliberately indifferent to Plaintiff's safety, which does not state a claim for assault or battery.[35] The Court will dismiss Count III as to Correction Officers Ferguson, Wiercinski, Ringgold, and Scott, as well as against the City.

### C.  Count IV (Malicious Prosecution)

A plaintiff asserting a Fourth Amendment malicious prosecution claim must allege that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff

---

[32] *Id.* at ¶ 56 (emphasis added).

[33] *Id.* at ¶ 23.

[34] *Renk v. City of Pittsburgh,* 641 A.2d 289, 293 (Pa. 1994) ( quotation marks and citation omitted).

[35] Am. Compl. [Doc. No. 26] at ¶ 63.

suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."[36] Pennsylvania state law is similar.[37]

Plaintiff alleges that Defendants "falsely and improperly initiated disciplinary action against the plaintiff, and falsely imprisoned him in the hole and protective custody."[38] Defendants argue that Plaintiff has failed to allege that the Defendants initiated a criminal proceeding. In response, Strong recharacterizes this disciplinary action as "civil and administrative in nature," and not as a criminal proceeding.[39] Plaintiff then alleges a different cause of action entirely by stating that the "Amended Complaint states facts sufficient to plausibly support all of the elements of wrongful use of civil process."[40] However, it is "axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."[41] In any event, amendment to allow this claim would be futile as prison disciplinary actions are not actionable as wrongful use of civil proceedings as they are not a cause of action in law or equity and are not brought before a court.[42] The Court will grant the motion to dismiss the malicious prosecution claims.

## IV.   CONCLUSION

For the reasons stated above, the partial Motion to Dismiss will be granted. An order will be entered.

---

[36] *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009) (citation omitted).

[37] *Cap v. K-Mart Disc. Stores, Inc.*, 515 A.2d 52, 53 (Pa. Super. Ct. 1986) ("The elements of an action for malicious prosecution are: (1) the proceedings were brought with malice, (2) there was no probable cause, and (3) the proceedings terminated favorably to the accused.") (citation omitted).

[38] Am. Compl. [Doc. No. 26] at ¶ 89.

[39] Pl.'s Resp. Opp'n [Doc. No. 29] at 12.

[40] *Id.*

[41] *Reed v. Chambersburg Area Sch. Dist.*, 951 F. Supp. 2d 706, 720 (M.D. Pa. 2013) (citations omitted).

[42] *See Raynor v. D'Annunzio*, 243 A.3d 41, 55 (Pa. 2020).